## AMERICAN DRUGGISTS' SYNDICATE v. UNITED STATES INDUSTRIAL ALCOHOL CO.

(Court of Appeals of District of Columbia. Submitted November 17, 1924. Decided December 1, 1924.)

No. 1692.

1. **Trade-marks and trade-names and unfair competition ⟺44—Opposer need not have similar trade-marks to justify opposition.**

Opposer need not have similar trade-mark to justify opposition, but it is sufficient that similar word has been used as trade-mark prior to adoption of mark by applicant.

2. **Trade-marks and trade-names and unfair competition ⟺43—Word "Al-Kol" held not registerable as trade-mark for alcohol preparations for massage.**

Word "Al-Kol" *held* not subject to registration as trade-mark to be used on alcohol preparations for massage, being merely a phonetic spelling of and confusingly similar to descriptive word "alcohol," used by opposer on goods possessing similar descriptive qualities.

Appeal from the Commissioner of Patents.

Application by the American Druggists' Syndicate for registration of trade-marks, opposed by the United States Industrial Alcohol Company. From a decision of the Commissioner of Patents, sustaining opposition, applicant appeals. Affirmed.

W. E. Warland, of New York City, for appellant.

Arthur Wright, of New York City, for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. This is a trade-mark opposition, resulting from the application by appellant for the registration of the word "Al-Kol" as a trademark to be used on alcohol preparations for massage, containing 92.5 per cent. alcohol. Appellee company filed its opposition to the registration of the mark on the ground that the word "Al-Kol" is merely a misspelling of the word "alcohol," and that the mark "Al-Kol," if granted, would conflict with the right of the opposer to the use of the word "alcohol;" associated with and upon various products placed upon the market by it, particularly compositions containing alcohol which are used for bathing and massaging, and other external uses, which it is alleged it has manufactured and sold in large quantities since February, 1921.

[1] The contention that the opposer has no standing in an opposition proceeding to

contest the registration of applicant's mark is without merit. It is not essential that the opposer shall have a similar trade-mark to justify opposition. It is sufficient, as in this case, that a similar word has been used as a trade-name prior to the adoption of the mark by applicant. Johnson v. Brandau, 32 App. D. C. 348; Nairn Linoleum Co. v. Ringwalt Linoleum Works, 46 App. D. C. 64.

[2] We agree with the Commissioner that the word "Al-Kol" is merely a phonetic or misspelling of the word "alcohol," and is descriptive of the goods on which it is used, since they possess a large percentage of alcohol. It is equally descriptive of the goods of the opposer, on which the descriptive term "alcohol" is used. As the court said in Standard Paint Co. v. Trinidad Asphalt Mfg. Co., 220 U. S. 446, 31 S. Ct. 456, 55 L. Ed. 536: "The word, therefore, is descriptive, not indicative of the origin or the ownership of the goods; and, being of that quality, we cannot admit that it loses such quality and becomes arbitrary by being misspelled. Bad orthography has not yet become so rare or so easily detected as to make a word the arbitrary sign of something else than its conventional meaning, as different, to bring the example to the present case, as the character of an article is from its origin or ownership."

Appellant is here seeking to register merely a phonetic spelling of a descriptive word used by opposer upon its various goods possessing similar descriptive qualities. The word sought to be registered is confusingly similar to the descriptive word "alcohol." Opposer's use of the descriptive word, therefore, is sufficient to support the opposition.

The decision of the Commissioner of Patents is affirmed.