**DIAL–A–MATTRESS FRANCHISE COR-PORATION, Plaintiff–Appellee,**

v.

**Anthony PAGE, dba Easy Associates, Page Industries, and Easy Bed, and Easy Bed, Incorporated, Defendants–Appellants.**

**No. 1263, Dockets 89–7050(L), 89–7082.**

United States Court of Appeals, Second Circuit.

Argued June 2, 1989.

Decided July 27, 1989.

**676**

Anthony Page, Deer Park, N.Y., pro se.

Arthur L. Plevy, Edison, N.J., for plaintiff-appellee.

Before NEWMAN and MINER, Circuit Judges, and WARD, District Judge.*

JON O. NEWMAN, Circuit Judge:

An increasingly popular marketing technique of some businesses involves the use of telephone numbers whose digits correspond to letters on the telephone dial that spell out an easily remembered word or name. The business then invites telephone customers to dial the word or name. The technique is used extensively as a convenient way to remember the seven digits that follow the "1–800" prefix of toll-free long-distance numbers. Some examples are 1–800–MARINES and 1–800–FLOWERS. The technique is also used for numbers within a local dialing area. As so

* The Honorable Robert J. Ward of the United States District Court for the Southern District of New York, sitting by designation.

often happens with new business practices, this one has spawned a new issue for litigation in the field of unfair competition.

This appeal raises the somewhat novel issue of whether it is unfair competition for a business to acquire a telephone number identified by the spelling of a generic term that a competitor is using (with a spelling modification) to identify its telephone number. The issue arises on an appeal from the District Court for the Eastern District of New York (Jack B. Weinstein, Judge), preliminarily enjoining appellant Anthony Page from using the "number" 1–800–MATTRESS within the New York metropolitan area. Page's competitor identifies its local area telephone number by inviting customers to dial the "number" MATTRES. For the reasons stated below, we affirm.

## Background

Plaintiff-appellee Dial–A–Mattress Franchise Corp., as its name implies, is a retail mattress dealer that takes orders from customers primarily over the telephone, rather than in person at a retail outlet. Since 1976, Dial–A–Mattress's local phone number in the various area codes of the New York metropolitan area has been 628–8737. These digits correspond to the letters MATTRES on the telephone dial. Dial–A–Mattress has advertised its services and its phone number extensively, using the slogan "DIAL–A–MATTRESS and drop the last 'S' for savings."

In 1981, Dial–A–Mattress sought to obtain the number 1–800–628–8737 from the American Telephone and Telegraph Company so that its customers could make toll-free long-distance calls to the company using the number 1–800–MATTRES. AT & T told Dial–A–Mattress that this 800 number was then unavailable, but that it would be available in January 1989.

Defendant-appellant Anthony Page started in business in 1983 selling an invention of his father's called the EASY BED, a

type of sofa bed that opens up vertically into a bunk-bed. Page obtained the phone number 1–800–327–9233, which spells 1–800–EASY–BED, a number he advertised on radio and television. Page then decided to expand into the mattress business. Although aware that Dial–A–Mattress had the local telephone number that spelled "MATTRES" (628–8737) for all the area codes in the New York metropolitan area, Page sought to obtain the same number as a "1–800" number.

Like Dial–A–Mattress, Page was told by AT & T that the number was unavailable. But Page sought to obtain the number more inventively than did Dial–A–Mattress. Page called every number beginning 1–800–MAT until he found the number of a company that had gone out of business. He then bought that number and exchanged the last four digits so that it became 1–800–628–8737, or 1–800–MAT-TRES.

Page promoted his number as 1–800–MATTRESS. Although the word "mattress" has one letter more than the telephone number, dialing the extra letter does not affect completion of the call.

Dial–A–Mattress filed a complaint in the Eastern District against the Easy Bed Mattress Company, the name under which Page was doing business. The complaint sought an injunction, an accounting, and damages on claims of trademark infringement, unfair competition, and unjust enrichment under federal and New York law. Judge Weinstein issued a temporary restraining order and referred the case to Magistrate A. Simon Chrein for an evidentiary hearing.

The Magistrate recommended that Page be permitted to use the number 1–800–MATTRES(S), but that he be required to answer each telephone call received with the following greeting: "Easy Bed. We are not connected with Dial–A–Mattress which advertises on radio and television." The Magistrate also recommended that Page be required to include a disclaimer of any connection to Dial–A–Mattress in his advertisements.

Judge Weinstein adopted the Magistrate's recommendation that a preliminary injunction should issue but altered the terms of the injunction. The District Judge ordered Page to notify the telephone company not to connect to Page's telephone any call placed to the number 1–800–MAT-TRES(S) that originated from area codes 201, 212, 516, 203, and 718, and to pay any charges required for that purpose. This appeal followed.

## Discussion

### 1. Appellant's *Pro Se* Status

■ As a preliminary matter, we note that Page has brought his appeal *pro se.* Under the rules of this Circuit, a corporation may not appear *pro se.* Papers submitted on behalf of a corporation for whom no counsel has entered an appearance may not be filed. 2d Cir.R. 46(d)(2). Page informed the Court at oral argument that he incorporated his business the week before the argument. Ordinarily, this would preclude Page, who is not an attorney, from pursuing this appeal on behalf of Easy Bed. We note, however, that the District Court's injunction is targeted at Page personally. Because Page has a right to appear on his own behalf to appeal an injunction that orders him personally to take specific action, *see* 28 U.S.C. § 1654 (1982), we permit his appeal.

### 2. Merits

The issue pressed most vigorously on appeal by Page is whether Dial–A–Mattress can obtain judicial protection for the call letters of a telephone number that spell what Dial–A–Mattress concedes is a generic term—"mattress." It is clear that Dial–A–Mattress could not claim trademark rights in the word "mattress" used solely to identify its company or its product. Nor would protection be available if the word was used for these purposes with a spelling variation, such as "MATTRES", that did not change the generic significance for the buyer. *See Miller Brewing Co. v. Heileman Brewing Co.,* 561 F.2d 75 (7th Cir. 1977) (LITE used for light beer), *cert. denied,* 434 U.S. 1025, 98 S.Ct. 751, 54 L.Ed.

2d 772 (1978); *American Druggists' Syndicate v. United States Industrial Alcohol Co.*, 2 F.2d 942 (D.C.Cir.1924) (AL–KOL used for rubbing alcohol); 1 J. McCarthy, *Trademarks and Unfair Competition* § 12:12(B) (2d. ed. 1984). It is equally clear that a second comer, though entitled to use a generic term already used by its competitor, may be enjoined from passing itself or its product off as the first user or that user's product and may be required to take steps to distinguish itself or its product from the first user or that user's product. *See Kellogg Co. v. National Biscuit Co.*, 305 U.S. 111, 59 S.Ct. 109, 83 L.Ed. 73 (1938) (shredded wheat).

These general principles concerning generic terms evidently prompted the Magistrate to recommend that Page be allowed to continue using 1–800–MATTRES(S) provided he answered calls with a disclaimer distinguishing his company from Dial–A–Mattress. But this case cannot be decided solely upon the principles applicable to generic terms. Dial–A–Mattress is not seeking protection against a competitor's use of the word "mattress" solely to identify the competitor's name or product. What the plaintiff seeks is protection against a competitor's use of a confusingly similar telephone number and a confusingly similar means of identifying that number.

■ Telephone numbers may be protected as trademarks, and a competitor's use of a confusingly similar telephone number may be enjoined as both trademark infringement and unfair competition. *See Chicago World's Fair–1992 Corp. v. The 1992 Chicago World's Fair Comm'n*, Civ. No. 83 C 3424 (N.D.Ill. Aug. 16, 1983) (LEXIS, Genfed library, Dist file) (protecting use of telephone number 444–1992 against use of telephone number 434–1992 in context where "1992" had special significance); . *see also SODIMA v. Int'l Yogurt Co.*, 662 F.Supp. 839, 852–54 (D.Or.1987) (common law trademark rights recognized in telephone "number" 800–YO CREAM); *American Airlines, Inc. v. A 1–800–A–M–E–R–I–C–A–N Corp.*, 622 F.Supp. 673 (N.D.Ill.1985) (granting American Airlines injunction against travel agency's use of

telephone number 1–800–263–7422, which defendant promoted as 1–800–AMERI-CAN). Companies doing significant business through telephone orders frequently promote their telephone numbers as a key identification of the source of their products.

■ In this case, the District Court was clearly entitled to conclude that defendant's use of the telephone number 1–800–628–8737 was confusingly similar to plaintiff's telephone number 628–8737 in those area code regions in which plaintiff solicited telephone orders, especially in view of defendant's identification of its number as 1–800–MATTRESS after plaintiff had promoted identification of its number as (area code)-MATTRES. Plaintiff does not lose the right to protection against defendant's use of a confusingly similar number and a confusingly similar set of letters that correlate with that number on the telephone dial just because the letters spell a generic term. The principles limiting protection for the use of generic terms serve to prevent a marketer from appropriating for its exclusive use words that must remain available to competitors to inform their customers as to the nature of the competitor's business or product. These principles do not require that a competitor remain free to confuse the public with a telephone number or the letters identifying that number that are deceptively similar to those of a first user.

Appellant's remaining contentions are without merit and require no discussion.

The preliminary injunction is affirmed.