## Richard C. BELL v. Adam KIDAN and Duncan & Associates.

### 93 Civ. 3283 (LLS).

United States District Court, S.D. New York.

June 8, 1993.

Abelman Frayne & Schwab, Jeffrey A. Schwab and Michael Aschen (of counsel), New York City, for plaintiff.

Duncan & Associates, Adam R. Kidan (of counsel), New York City, for defendants.

## MEMORANDUM ENDORSEMENT

STANTON, District Judge.

Plaintiff Richard Bell moves pursuant to Fed.R.Civ.P. 65 for a preliminary injunction enjoining defendants from using, advertising or promoting a telephone number mnemonic which Bell asserts is confusingly similar to his trademarked number.

### Findings of Fact

Richard Bell is an attorney who specializes in personal injury law in the New York area. Mr. Bell's offices can be reached by telephone by dialing, in the (718), (201), or (516) area codes, the number 225–5529. Defendant Adam Kidan is a partner in defendant Duncan & Associates, a law firm which also specializes in personal injury law, and practices in the New York area. Duncan & Associates may be reached by dialing its toll-free number, 1–(800) 529–2255.

Bell's number, 225–5529, may be reached by dialing the letters CALL–LAW within the appropriate area codes. Bell has promoted and advertised his services, predominantly in print media, using the CALL–LAW mnemonic for at least eight years. Bell's CALL–LAW mnemonic was registered with the United States Patent and Trademark Office in 1989.

Duncan & Associates' number may be reached by dialing 1–(800) LAW–CALL. Duncan & Associates has advertised its services on radio using the LAW–CALL mnemonic for approximately six months. Kidan filed an application with the United States Patent and Trademark Office to register 1–800 LAW CALL as a trademark. Examination of the application has been completed and the mark was approved for publication and published. Bell commenced this action promptly after learning of the LAW–CALL number.

When a customer reaches Bell's offices by dialing the CALL–LAW number, a receptionist answers by saying "CALL–LAW." When a customer reaches Duncan & Associates by dialing 1–(800) LAW–CALL, a receptionist answers "Duncan & Associates." Both Duncan & Associates and Mr. Bell include the firm name in advertisements featuring the LAW–CALL and CALL–LAW numbers.

Duncan & Associates keeps records of cases obtained by calls from 1–(800) LAW–CALL, and documents how the caller learned of the firm.

### Conclusions of Law

"[A] preliminary injunction may be granted only upon a showing of '(a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting relief.'" *Hasbro Bradley, Inc. v. Sparkle Toys, Inc.*, 780 F.2d 189, 192 (2d Cir.1985) (quoting *Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.*, 596 F.2d 70, 72 (2d Cir.1979)).

■■■ Bell has not established a likelihood of success on the merits. While the similarity of CALL–LAW and LAW–CALL is apparent, they must be confusingly similar to warrant an injunction. *Dial–A–Mattress Franchise Corp. v. Page*, 880 F.2d 675, 678 (2d Cir.1989).

*Polaroid Corp. v. Polarad Electronics Corp.*, 287 F.2d 492, 495 (2d Cir.1961), sets forth the test for likelihood of confusion between two trademarks. The factors are as follows:

1) Strength of the mark. Despite the Patent and Trademark Office's registration of CALL–LAW, it is not a very strong mark, falling in either the "suggestive" or "descriptive" categories. It is easily identifiable as a telephone number which can be used to obtain legal services, but is hardly distinguishable from other similar mnemonic devices, such as L–A–W–Y–E–R–S.

2) Similarity of the marks. CALL–LAW is a toll call, while 1–(800) LAW–CALL is not. That difference is likely to be of significance to potential callers, and serves to differentiate the numbers in a customer's memory. Further, an ordinary customer would expect even slight variations in a telephone mnemonic to yield an entirely different number.

3 & 4) Proximity of the products and likelihood that the senior user will "bridge the gap." Here, plaintiff and defendant are offering substantially the same services to the same potential customers.

5) Junior user's bad faith. Bell's assertion that defendants' knew of his use of CALL–LAW before they chose the LAW–CALL number is insufficient to show bad faith, and defendants present a persuasive showing of good faith. The numbers are sufficiently different that defendants' use of 1–(800) LAW–CALL even with knowledge of the prior use of CALL–LAW could be made in good faith.

6) Actual confusion. Bell's supplemental submission states that other attorneys and colleagues mistook defendants' radio advertisements for Bell's, and that one client who claimed to have seen Bell's advertisement recently might have been seeking defendants' services. Those incidents are too inconclusive to establish actual confusion by customers, to Bell's detriment.

7) Quality of defendants' product. There is no showing that either plaintiff's or defendants' services are superior or inferior to the other's.

8) Sophistication of the buyers. While Bell's potential customers are likely to be unsophisticated in legal matters, they are undoubtedly aware that CALL–LAW can only be reached by dialing 225–5529 in the appropriate area code, and that they will not reach that service if they dial 1–(800) before the correct number, or if they dial LAW–CALL instead. Indeed, they will not reach Duncan & Associates if they simply dial LAW–CALL without the 1–(800) designation. No sophistication is required to understand those simple features of telephone dialing.

On the whole, there appears little likelihood that Bell will succeed in proving a likelihood of confusion under the *Polaroid* factors.

While Bell does not show a likelihood of success on the merits, the similarity of the numbers does raise questions going to the merits which are a fair ground for litigation. However, the balance of hardships does not tip decidedly in his favor. A preliminary injunction would prevent defendants from using and promoting the 1–(800) LAW–CALL mnemonic at all. Without a preliminary injunction, Bell faces the possibility that some customers might mistakenly retain Duncan & Associates instead of him, and Bell's good will might suffer as a result of defendant's

**128**

use of the LAW–CALL mnemonic. Those arguments are insufficiently persuasive in light of Duncan & Associates' method of documenting clients, which makes damages from lost clients fairly calculable, and defendants' offer to refrain from advertising in any media which Bell currently uses, which will minimize any confusion between the two numbers.

Since Bell has not established a likelihood of success on whether his CALL–LAW mnemonic possesses "a distinctive quality capable of dilution," a preliminary injunction is not warranted for his state-law dilution claim. *Mead Data Central, Inc. v. Toyota Motor Sales, U.S.A., Inc.,* 875 F.2d 1026, 1030 (2d Cir.1989).

The motion for a preliminary injunction is denied.

So ordered.