Paper No. 19
SIMMS/MD

THIS DISPOSITION IS CITABLE
AS PRECEDENT OF THE TTAB          MAY 26, 99

U.S. DEPARTMENT OF COMMERCE
PATENT AND TRADEMARK OFFICE
_____

Trademark Trial and Appeal Board
_____

In re Joseph Edward Page
_____

Serial No. 75/066,101
_____

Joseph Page, pro se.

Sirina Tsai, Trademark Examining Attorney, Law Office 109
(Deborah S. Cohn, Managing Attorney)
_____

Before Simms, Cissel and Hohein, Administrative Trademark
Judges.

Opinion by Simms, Administrative Trademark Judge:

Joseph Edward Page (applicant) has appealed from the
final refusal of the Trademark Examining Attorney to
register the following asserted mark:

for "legal services, namely, patent research, prosecution and enforcement; patent searching."[1]  The Examining Attorney has refused registration under Section 2(e)(1) of the Act, 15 USC §1052(e)(1), and on the basis of applicant's failure to comply with requirements for information.  To aid in the understanding of this case, a chronology of the filings in this case is summarized below.

File History

In the first Office action, the Examining Attorney refused registration under Section 2(e)(1), arguing that applicant's asserted mark 888 PATENTS was merely descriptive of his services.  In support of this argument, the Examining Attorney attached copies of third-party registrations wherein the term "PATENTS" had been disclaimed, and noted that the proposed mark is in the form of a telephone number.

In response, applicant noted his agreement with the Examining Attorney that a mark should not be considered distinctive when it is merely a telephone number.  Applicant continued:

> However, the present mark is not associated with a telephone number in *any way*.  Applicant does not own or operate any telephone or communication means via of a [sic] telephone number remotely similar to **888 Patents**. Applicant does operate a telephone number 888 joe page.  Indeed, the

[1] Application Serial No. 75/066,101, filed March 1, 1996, based upon applicant's assertion of a bona fide intention to use the mark in commerce under Section 1(b) of the Act, 15 USC §1051(b).

2

telephone number associated with **888 Patents**, or 888 728-3687 has been held unassignable by the FCC. A holding that **888 Patents** is unregisterable because it is a phone number is misplaced.

Applicant's mark relates to a fanciful connection to good luck and wealth. The mark as used by Applicant is highly distinctive. The Mandarin Chinese symbol which looks similar to the Arabic numeral "8" is a symbol which denotes "Rich" or wealth. In addition, "8" has become a lucky number in other Chinese cultural meanings. Applicant would like to enjoy association of his business with the good Chinese fortunes symbolized by use of this character.

Examiner will find it particularly instructive to note the use of the triple "8" or "888" in some practices. For example, a very famous restaurant in Ontario called the **"Good Luck Chinese Restaurant"** is located on **888 Dundas Street East**…

Further, Examiner may wish to investigate a very special stock mutual fund based in the far east and relating to that culture. The "Dragon 888" fund is operated by Admax International Management Ltd…Applicant has been informed by them that it is named for its connection to luck and wealth…

Sometimes the number 8 is associated with luck when used singly…

There are many other occasions to [sic] numerous to list here where people are using both 888 and simply 8 in connection with luck. Indeed, we can find many occurrences of the "8" being associated with luck in the Gaming industry…[emphasis in original]

In this response applicant also disclaims exclusive right to use the term "PATENTS" apart from use in connection with the numbers 888.

In the next Office action, the Examining Attorney maintained the refusal under Section 2(e)(1). In addition, the Examining Attorney required that applicant indicate if the asserted mark will at any time in the future be used as a telephone number. The Examining Attorney also requested applicant to identify the source of his information that the number 888-PATENTS is unassignable. Further, and to permit proper examination of this application, applicant was requested to submit samples of advertisements or promotional materials for his services. The Examining Attorney stated that, if such materials are not available, applicant must describe the nature, purpose and channels of trade of the services with which applicant has asserted a bona fide intention to use his mark. Applicant was also requested to submit samples, advertisements or other materials showing how he intends to use the mark.

In response to this second Office action, applicant argued that there is no foundation in law or authority for the requirements of the Examining Attorney. Aside from providing some information concerning the basis of applicant's assertion that the telephone number was unassignable, in response to the request for information concerning the nature, purpose and channels of trade of applicant's services, applicant referred the Examining Attorney to statements already made of record by applicant

concerning the connotation of the asserted mark with respect

to good luck and wealth.

> The mark is to be used for its
> association with good luck and good
> fortune in the marketing of patent
> related legal services.  The invention
> business is well accompanied by
> associations with good luck and good
> fortune.  In this way, the mark is quite
> fanciful contrary to Examining
> Attorney's assertion that it is
> descriptive.

Applicant's response, 4, filed December 23, 1996.  Shortly

thereafter, applicant filed a notice of appeal.[2]

The Examining Attorney then issued a final refusal

asserting that 888 is a prefix for toll-free telephone

numbers, and arguing that the word "PATENTS" is descriptive

of applicant's patent-related services.  The Examining

Attorney's requirements to indicate if the mark will be

associated with a telephone number and to describe the

nature, purpose and channels of trade of applicant's

services and to submit sample advertisements were also made

final.  The Examining Attorney indicated that applicant's

response concerning the connotation of the mark does not

---

[2] Relying upon Trademark Rule 2.64(a) and TMEP Sections 1105.02
and 1105.03(a), the Board refused to institute an appeal because
the Examining Attorney's requirements in the second Office action
were raised for the first time in that action.  Applicant
requested reconsideration of the Board's holding that the appeal
was premature, but the Board adhered to its decision.  See TMEP
Section 1105.04(c), and TBMP Sections 1201.01 and 1201.03.  The
Board explained that, for an action to be made final, all
refusals and/or requirements must have been previously made, and
that, if a new requirement is made in a subsequent action, the

answer the request for information concerning how applicant

intends to use the mark.  With this final refusal, the

Examining Attorney attached excerpts from the Nexis database

illustrating that the prefix 888 is a part of toll-free

telephone numbers.[3]

Mere Descriptiveness Refusal

It is the Examining Attorney's contention that

applicant has conceded by his disclaimer that the term

"PATENTS" is merely descriptive of his services, and that

the evidence shows that 888 is a telephone prefix carrying

no trademark significance.  With respect to the latter

point, the Examining Attorney argues that the evidence of

record demonstrates that the public is accustomed to seeing

the 888 prefix used in connection with toll-free telephone

numbers.  The record also demonstrates, the Examining

Attorney argues, the common practice of listing telephone

number as words or phrases in order to help people remember

the numbers.  The Examining Attorney contends that many of

these mnemonic telephone numbers are constructed with seven

characters corresponding to a seven-digit telephone number.

> When people see 888 PATENTS, they will
> think it is a toll-free telephone number

requirement may not be made final in that action, and any appeal
therefrom is considered premature.
[3] Communications Week, May 6, 1996, for example, reported:

> The FCC's implementation of the new toll-
> free 888 dialing prefix as a supplement to
> the nearly depleted 800 prefix…

written in mnemonic form.  As discussed above, 888 is [a] widely-used toll-free telephone prefix which is often used with characters forming a mnemonic, easy-to-remember representation of a seven-digit telephone number.  PATENTS is an excellent mnemonic for patent-related services -- a single, seven-letter word which immediately brings to mind what the applicant does.  Put together, a toll-free telephone prefix preceding a seven-letter word describing the applicant's services looks very much like a telephone number to call for those services…

…In the United States, where 888 is used as a toll-free telephone prefix, where telephone numbers have seven digits and are often represented by descriptive mnemonics, and where PATENTS nicely summarizes the applicant's services, placing 888 in front of PATENTS creates a mark that looks, sounds, and gives the overall impression of being a phone number describing the applicant's services.

Examining Attorney's brief, 6, 7.

In response to this argument, applicant contends that he does not use the asserted mark as a telephone number. Reply brief, 2.[4]  Rather, applicant reiterates his explanation that he uses the numbers 888 in connection with "PATENTS" to indicate good luck and good fortune.  Applicant argues that his mark is a "fanciful…highly distinctive mark," and not a merely descriptive one.  Referring to a decision of the Court of Appeals for the Third Circuit

---

[4] In his main brief, 3, applicant stated that he "cannot predict the future and thus cannot make [the] promise that 888 PATENTS will not later be used in conjunction with a phone number."

(Dranoff-Perlstein Associates v. Sklar, 967 F.2d 852, 23 USPQ2d 1174 (1992)),[5] applicant indicates his agreement that a mark in the form of a telephone number is not by itself a distinctive mark. It is applicant's position, however, that the decision in *Dranoff* suggests that a phone number may be a mark if there are other distinctive features involved. Applicant also argues that the disclaimer of the word "PATENTS" was not a concession that this word is merely descriptive of his services.

It is well settled that a term is considered to be merely descriptive of goods or services, within the meaning of Section 2(e)(1) of the Act, if it forthwith conveys an immediate idea of an ingredient, quality, characteristic, feature, function, purpose or use of the goods or services.[6] See, for example, In re Gyulay, 820 F.2d 1216, 3 USPQ2d 1009 (Fed. Cir. 1987) and In re Abcor Development Corp., 588 F.2d 811, 200 USPQ 215, 217-18 (CCPA 1978). Whether a term is merely descriptive is determined, not in the abstract, but in relation to the goods or services for which registration

---

[5] While remanding this case to the lower court, the Court stated that telephone numbers that correlate to arbitrary, suggestive or descriptive terms possessing secondary meaning may merit trademark protection.

[6] It should be remembered that applicant's application is one based upon an intent to use the mark, and not upon use of the mark in commerce. Under Office practice, refusals to register because an asserted mark does not perform the function of a trademark or service mark are not to be made in the case of an application filed on the basis of intention to use. Accordingly, the question of whether applicant's asserted mark functions as a

is sought, the context in which it is being used on or in connection with those goods or services and the possible significance that the term would have to the average purchaser of the goods or services because of the manner of its use.   In re Bright-Crest, Ltd., 204 USPQ 591, 593 (TTAB 1979).

There is no question that the word "PATENTS" in applicant's mark is, by itself, merely descriptive of applicant's patent-related services, because it describes a central feature of such services.  Applicant's statement that his disclaimer of this word was not a concession of the mere descriptiveness of this word for his patent-related services is simply not understood or otherwise credible.

Our analysis of the mere descriptiveness of the asserted mark does not end, of course, with a finding that a portion thereof is merely descriptive.  We must consider the asserted mark as a whole, that is, whether the addition of the prefix 888[7] to the word PATENTS changes the merely descriptive nature of the term PATENTS such that the mark as a whole is inherently distinctive and, thus, registrable.

Applicant's argument that its asserted mark is fanciful and distinctive because the numbers 888 suggest good fortune, good luck or wealth strains credulity.  If this

_____

service mark is not before us.  See TMEP §§1105.01(a)(iii) and (iv).

9

asserted mark is used in connection with applicant's legal services relating to patents, we have no doubt that potential customers will perceive this asserted mark as a telephone number, and not as a "fanciful…highly distinctive mark" for applicant's patent services. To the extent the numbers 888 may possibly be perceived as an indication of good fortune or wealth, and we have nothing but applicant's unsubstantiated arguments with respect to this statement, then that connotation, of course, resides in any 888-prefixed telephone number, and not exclusively with applicant's asserted mark.

We believe, therefore, that applicant's asserted mark will be perceived as what has been referred to as an alphanumeric telephone number—-a number formed by both numbers and letters. The commercial use of such alphanumeric characters, sometimes referred to as "vanity" telephone numbers, at least in the context of intellectual property law, is relatively recent. In a state court decision, Cytanovich Reading Center v. The Reading Game, 225 USPQ 588 (Cal. Ct. App. 1984), the court stated that it had found no prior cases holding that a particular telephone number either could or could not constitute a trademark or service mark. In the intervening years there have been a

---

[7] Applicant has admitted that it uses this prefix already in connection with the telephone number 888 JOE PAGE.

relatively small number of cases dealing with the protectibility of telephone numbers.

The cases that have been cited by applicant and the Examining Attorney, and the additional cases which the Board has found, are of relatively little help in our determination of whether the asserted mark is merely descriptive of applicant's legal services. This is because the various court cases involved, for the most part, issues of unfair competition and likelihood of confusion. See Dial-a-Mattress Franchise Corp. v. Page, 880 F.2d 675, 11 USPQ2d 1644 (2d Cir. 1989)(defendant's use of confusingly similar phone number enjoined); *Dranoff, supra* (remanded the case, and, disagreeing with the Second Circuit's position that telephone numbers which correlate to generic terms may be protectible as marks, stated that, if such were the case, then "the first firm in a given market to obtain such a telephone number would, merely by winning the race to the telephone company, gain an unfair advantage over its competitors"); Bell v. Kidan, 836 F.Supp. 125, 28 USPQ2d 1077 (S.D.N.Y. 1993)(motion for preliminary injunction denied in case involving registered mark CALL-LAW and 1-800-LAW-CALL); Kelley Blue Book v. Car-Smarts Inc., 802 F.Supp. 278, 24 USPQ2d 1481 (C.D. Cal. 1992)("1-800-BLU-BOOK" likely to cause confusion with "Kelley Blue Book", where "Blue Book" had acquired a secondary meaning); and Murrin v. Midco

11

Communications Inc., 726 F. Supp. 1195, 13 USPQ2d 1815 (D. Minn. 1989)(defendant enjoined from using a phone number outside the New York City metropolitan area confusingly similar to plaintiff's unchallenged registered mark "DIAL L-A-W-Y-E-R-S").

However, some cases have explicitly dealt with the issue of descriptiveness of alphanumeric telephone numbers. For example, in Express Mortgage Brokers Inc. v Simpson Mortgage Inc., 31 USPQ2d 1371 (E.D. Mich. 1994), the Court found that the telephone number "369-CASH" for mortgage-related services was descriptive but had acquired a secondary meaning. And more recently, in 800 Spirits Inc. v. Liquor By Wire, Inc., 14 F.Supp.2d 675 (D.N.J. 1998), involving defendant's use of the phone number "1-800-SPIRITED", the Court commented, at 680, 681:

> …[I]f a business were permitted to preclude the use of a toll-free telephone number that corresponds to a generic term simply by developing a service mark of "800," "888," or "877" followed by the term, competitors would be denied the opportunity to take advantage of this often effective marketing technique.
>
> It has become increasingly popular to advertise one's services through toll-free mnemonic telephone numbers… The competitive advantages derived from such "vanity" numbers are apparent. Because they are easily recognizable and memorable, they readily communicate the nature of the services offered. Companies that generate a significant portion of their business through telephone orders frequently advertise these numbers as their primary identification mark. There are often few available toll-free numbers that correlate to the specific generic term most descriptive of a firm's services. Competition

for these limited toll-free numbers is extremely intense; companies often pay large sums for the right to use them… To permit a company to foreclose usage of a toll-free mnemonic number that spells a generic term would give that company an unfair competitive advantage in the market and deprive consumers of the intrinsic utilitarian value that such numbers offer…

…Simply put, within the circumstance of telephone number designations, the number 800 is a functional term that represents a toll-free area code. A service mark that uses "800" with a generic term cannot as a matter of law preclude use of substantially similar telephone numbers…[Footnotes and authority deleted.]

The Trademark Manual of Examining Procedure sets forth the following general guidelines with respect to the registrability of telephone numbers (TMEP §1209.01(b)(12)):

If an applicant applies to register a designation that consists of a merely descriptive or generic term with numerals in the form of a telephone number, for example, 800, 888 or 900 followed by a word, registration should be refused under §2(e)(1). The fact that a designation is in the form of a telephone number is insufficient, by itself, to render it distinctive. See Dranoff-Perlstein Associates v. Sklar, 23 USPQ2d 1174 (3d Cir. 1992). But see Dial-A-Mattress Franchise Corp. v. Page, 880 F.2d 675, 11 USPQ2d 1644 (2d Cir. 1989); Murrin v. Midco Communications Inc., 726 F. Supp. 1195, 13 USPQ2d 1815 (D. Minn. 1989). If the relevant term is merely descriptive, but not generic, the mark may be registered on the Principal Register with a proper showing of acquired distinctiveness under §2(f) or on the Supplemental Register. Of course, the designation must also be used in the manner of a mark. If the relevant term is generic, the designation is unregisterable on either the Principal or the Supplemental Register.

In our opinion, the numerals in applicant's asserted mark are not sufficient to change the perception of the term PATENTS as being merely descriptive, and, therefore, we find that the mark as a whole is merely descriptive of applicant's services. That is to say, the 888 prefix in the mark does not have any source-identifying significance. Rather, in our view, the numbers will be readily perceived as nothing more than the prefix used in a toll-free telephone number, without trademark (or service mark) significance. Therefore, the mark as a whole merely describes the patent services available from applicant.

Failure to Comply with Requirements

The Examining Attorney argues that applicant's failure to comply with her three requests for information constitutes grounds for refusal to register. We agree. Trademark Rule 2.61(b) provides:

> The examiner may require the applicant
> to furnish such information and exhibits
> as may be reasonably necessary to the
> proper examination of the application.

The Trademark Rules of Practice have the effect of law and failure to comply with a request for information is grounds for refusal of registration. In re Babies Beat, Inc., 13 USPQ2d 1729, 1731 (TTAB 1990); In re Big Daddy's Lounges, Inc., 200 USPQ 371 (TTAB 1978); In re Air Products and

14

Chemicals, Inc., 192 USPQ2d 84, 85-86 (TTAB 1976); and In re Morrison Industries, Inc., 178 USPQ 432, 433-34 (TTAB 1973). We agree that the Examining Attorney's requests for information herein were prompted by applicant's assertion that his use of the numbers 888 in the asserted mark is not or will not be descriptive. These requests were reasonably necessary for the proper examination of this application. That is to say, because this is an intent-to-use application, the Examining Attorney, we believe correctly, asked applicant whether the asserted mark will at any time be used as a telephone number. Such a request is relevant to the perception of a mark. The Examining Attorney's additional requests for the submission of advertising or promotional materials (if available) or, in the alternative, to describe the nature and channels of trade of applicant's services, are also legitimate requests for information. The manner in which a mark is likely to be encountered by the public has a bearing upon its perception by the public. Also, and contrary to applicant's contention, we do not believe that a statement of whether the mark will be used as a phone number forms "some covenant with the Patent Office regarding future use as a telephone number." Applicant's brief, 3. Accordingly, we agree with the Examining Attorney that applicant's failure to respond completely to the Examining Attorney's requests for information required the

15

Examining Attorney to proceed with an incomplete understanding of how applicant's asserted mark is or will be used, and without materials which would have allowed the Examining Attorney to conduct a more thorough and informed evaluation of the issue of mere descriptiveness. Applicant's failure to fully comply with the requirements for additional information, therefore, also justifies refusing registration.

Decision:  The refusals of registration are affirmed.

R. L. Simms

G. D. Hohein
Administrative Trademark
Judges, Trademark Trial
and Appeal Board

Cissel, Administrative Trademark Judge, concurring in part and dissenting in part:

While I agree with my colleagues that the requirements made by the Examining Attorney should be affirmed, I respectfully disagree with their ruling on the question of whether the proposed service mark is merely descriptive of the services with which applicant intends to use it.

I do agree with most of the factual conclusions reached by the Examining Attorney and my colleagues on the Board. For example, the majority quotes from the Examining

16

Attorney's statement that "… placing 888 in front of PATENTS creates a mark that looks, sounds, and gives the overall impression of being a phone number…" The majority states that "[i]n the context in which applicant's asserted mark will be seen by potential customers of applicant's legal services relating to patents, we have no doubt that this asserted mark will be perceived as a telephone number, and not as a 'fanciful… highly distinctive mark' for applicant's patent services."

I further agree with the majority's conclusion that the legal precedent is not much help in determining whether the asserted mark in the instant case is merely descriptive of the services set forth in the application because previous cases concerning marks that appear to be telephone numbers generally involve issues of unfair competition and likelihood of confusion, rather than descriptiveness. A final point of agreement is with the statement at the conclusion of the majority's discussion of the descriptiveness issue that as part of the phone number, "… the 888 prefix in the mark does not have any source-identifying significance. Rather, in our view, the numbers will be readily perceived as nothing more than the prefix used in a toll-free telephone number, without trademark (or service mark) significance."

17

While I agree that, depending upon how it will be used, "888 PATENTS" may be likely to be perceived as a toll-free telephone number, it does not logically follow from that conclusion that "888 PATENTS" is merely descriptive of the legal services applicant intends to render under this mark.

The majority opinion is predicated on the idea that because "888 PATENTS" will be viewed as a toll-free telephone number, "888" will be seen only as the toll-free area code, the first three digits of the phone number. Based on that assumption, the majority reasons that "888" would have no significance as an indication of source. They then reason that the term "PATENTS" is the only remaining element in the mark, but "PATENTS" is merely descriptive of applicant's patent services, so the entire mark is merely descriptive.

I cannot adopt this reasoning because it assumes a fact not yet established by the record, an assumption with which applicant has openly disagreed, namely, that the mark will be used only as a toll-free telephone number and will be understood to be a toll-free telephone number by the people to whom it is presented.

It seems to me that the unstated, underlying basis for refusing to register this mark is the assumption that when it is actually used by applicant, it will function only as applicant's phone number, and not as a service mark. That

determination, however, cannot be made at this juncture, prior to applicant's actual use of the mark. If and when applicant files a statement of use claiming use of "888 PATENTS" as a mark, then the Examining Attorney will have to decide, based on the specimens of use, whether the matter sought to be registered has been shown to be used as a service mark. The issue of mere descriptiveness because "888" has no service mark significance might also be raised then, based on the way the proposed mark is being used by applicant.

Whether or not applicant is likely to be able to establish service mark use at that time should not be used now as justification for finding that the proposed mark is unregistrable because it is merely descriptive of the services with which it will be used. Simply put, unless the use of the mark as a telephone number establishes that the number "888" in the mark has no trademark or service mark significance, "888" cannot be ignored in the analysis used to determine whether the mark as a whole is merely descriptive. At this point, prior to actual use of the mark, I cannot conclude that combining the number "888," which is not even argued to be descriptive of the legal services set forth in the application, with the word "PATENTS," which has been conceded by applicant's disclaimer

19

to be descriptive of the stated services, renders the mark

in its entirety merely descriptive of those services.


                              R. F. Cissel
                              Administrative Trademark Judge
                              Trademark Trial and
                              Appeal Board