SILVERMAN, Circuit Judge:
Debtor Ruthnan Bigelow appeals the Bankruptcy Appellate Panel’s reversal and remand of the bankruptcy court’s grant of summary judgment against Ronald Brady and A & A Realty, a corporation, in an adversary proceeding related to her Chapter 7 bankruptcy. We have jurisdiction pursuant to 28 U.S.C. § 158(d). We review the BAP’s conclusions of law de novo and findings of fact for clear error. In re Weisberg, 136 F.3d 655, 657 (9th Cir.), cert. denied, — U.S. —, 119 S.Ct. 72, 142 L.Ed.2d 56 (1998). We affirm.
Because only one issue presented requires an answer that is worthy of publication, we consider that issue in this opinion and the remaining issues in a memorandum disposition filed concurrently herewith. That issue is whether a corporation’s notice of appeal, signed and filed by a corporate officer, is invalid because it was not signed and filed by counsel. We conclude that it is not invalid.
Bigelow argues that the BAP erred in holding that it had jurisdiction to consider A & A’s appeal even though Brady, a non-attorney and 60% owner of the corporation, signed and filed the notice of appeal to the BAP on behalf of A & A. Following the filing of the notice of appeal, A & A was represented by counsel in proceedings before the BAP and on this appeal.
The law is clear that a corporation can be represented only by a licensed attorney. United States v. High Country Broad. Co., 3 F.3d 1244, 1245 (9th Cir.1993). However, nothing in Bankruptcy Rule 8001 or the Federal Rules of Appellate Procedure requires dismissal of an appeal when a corporate officer signs the notice of appeal for the corporation. A notice of appeal is just that — a notice. It is not a motion or a pleading. See Rule 7, Federal Rules of Civil Procedure. We fail to see any compelling reason to refuse to recognize a corporation’s notice of appeal, signed and filed by a corporate officer, so long as a lawyer promptly thereafter enters a formal appearance on .behalf of the corporation and undertakes the representation. K.M.A., Inc., v. General Motors Acceptance Corp., 652 F.2d 398, 399 (5th Cir. Unit B 1981). In this case, counsel for A & A entered his appearance of record prior to the time any briefs, motions or responses were due. He, not Brady, filed the brief, responded to the motions and argued the case. Under the circumstances, we hold that the notice of appeal *1166 was not invalid and that the BAP did not err in concluding that it had jurisdiction over A & A’s appeal.
AFFIRMED.