**D–BEAM LIMITED PARTNERSHIP, personally and sole General Partner, Inclusive, Plaintiff,**

**and**

**Brian Lee Evans, personally, Plaintiff–Appellant,**

**v.**

**ROLLER DERBY SKATES, INC; John Does Entities, 1–5 inclusive, Defendants–Appellees.**

No. 01–56007.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 31, 2004.

Filed May 6, 2004.

Michael Sacksteder and Kohi Nguyen, Court Appointed Pro Bono Counsel, Fenwick & West LLP, Mountain View, CA; Brian Lee Evans, Pro Se, Newport Beach, CA, for the plaintiffs-appellants.

Karin D. Vogel and Polly Towill, Sheppard, Mullin, Richter, & Hampton LLP, · San Diego, CA; Richard H. Chapman, FagelHaber LLC, Chicago, IL, for the defendant-appellee.

Before HALL, TROTT, and CALLAHAN, Circuit Judges.

TROTT, Circuit Judge.

Brian Evans invented a "Solid State Skate Truck" designed to be incorporated into roller skates and skateboards. Patents were secured by D–Beam, a California limited partnership of which Evans is the general partner and majority owner. D–Beam licensed the patents to Roller Derby, an Illinois corporation. Roller Derby twice loaned Evans money pursuant to promissory notes that were repayable out of his share of D–Beam's royalty payments.

Evans, representing himself and D–Beam *pro se*, filed suit against Roller Derby and others in California state court on the following causes of action: breach of contract, fraud, breach of fiduciary duty, embezzlement, usury, and civil conspiracy. All allegations except the usury claim arose out of the licensing contract between D–Beam and Roller Derby. The usury claim arose out of the promissory notes between Evans and Roller Derby.

Roller Derby filed a timely notice of removal on the basis of diversity jurisdiction. Evans and D–Beam, still represented by Evans *pro se*, objected to removal and filed a motion to remand. The motion to remand was denied.

The district court demanded that Evans retain counsel to represent D–Beam, pursuant to a local rule requiring corporations and other entities to be represented by counsel. While D–Beam was represented by counsel, all the claims relating to Roller Derby's conduct under the licensing agreement were disposed of on summary judgment. Evans's usury claim proceeded through discovery and a five day bench trial, Evans again representing himself *pro se*, after which the court entered a judgment in favor of Roller Derby on that claim.

Evans, *pro se*, filed a notice of appeal with this court. We dismiss all claims on behalf of D–Beam for lack of jurisdiction. We have jurisdiction over Evans's usury claim under 28 U.S.C. § 1291, and we affirm the district court.

## ANALYSIS

### I Jurisdiction over D–Beam's Claims

In supplemental briefing, prepared by pro bono counsel appointed by this Court, Evans appeals claims on behalf of D–Beam, a limited liability partnership of which he is the majority shareholder. Because Evans appealed *pro se*, we lack jurisdiction over D–Beam's claims and they are dismissed.

It is a longstanding rule that"[c]orporations and other unincorporated associ-

ations must appear in court through an attorney."[1] *Licht v. Am. W. Airlines (In re Am. W. Airlines)*, 40 F.3d 1058, 1059 (9th Cir.1994); *see also United States v. High Country Broad. Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir.1993) (holding that corporation's president and sole shareholder could not make "an end run" around the counsel requirement by intervening *pro se* rather than retaining counsel to represent the corporation). In *Bigelow v. Brady*, this circuit held that a notice of appeal signed and filed on behalf of a corporation by a corporate officer was valid even though it was not signed and filed by counsel. 179 F.3d 1164, 1165 (9th Cir. 1999). Although in this case Evans signed the notice of appeal, he did not sign on behalf of the partnership. *See* Fed. R.App. P. 32(d) (requiring that *the party or its counsel* sign every paper filed with the court). The signature line reads only "Brian Evans, *pro se*," not "Brian Evans, *pro se*, and on behalf of D–Beam Limited Partnership," and throughout the notice, Evans refers to "plaintiff," not "plaintiffs." *See* Fed. R.App. P. 3(c)(2) ("A pro se notice of appeal is considered filed on behalf of the signer . . ., unless the notice clearly indicates otherwise."). Had the notice of appeal, as in *Bigelow*, related only to claims on behalf of D–Beam, the notice may have been adequate. Here, however, Evans and D–Beam both had potential claims on appeal. Because Evans signed the notice on his own behalf and did not purport to sign on behalf of D–Beam, the notice is inadequate to give notice of D–Beam's intent to appeal notwithstanding the lenity allowed under *Bigelow*.

▮▮▮ Moreover, in *Bigelow*, after the corporate officer filed the notice, the "lawyer promptly thereafter enter[ed] a formal appearance on behalf of the corporation and under[took] the representation. . . . He, not [the corporate officer], filed the brief, responded to the motions and argued the case." 179 F.3d at 1165. *Id.* In contrast, Evans filed the opening brief in this case *pro se*, and neither he nor D–Beam were represented by counsel until this court *sua sponte* appointed pro bono counsel to "benefit the court's review." Allowing Evans to advocate D–Beam's claims, when he clearly intended to proceed *pro se* and counsel was not retained prior to motions or briefing on appeal—and then subsequently only upon court appointment—would eviscerate the requirement that corporations and other entities be represented by counsel. *See High Country Broad.*, 3 F.3d at 1245. As the *Bigelow* panel expressly noted, "[a] notice of appeal is just that—a notice. It is not a motion or a pleading." 179 F.3d at 1165. Though a corporate officer's signing the notice of appeal does not render that notice invalid, all subsequent motions and pleadings must be filed by counsel. Thus, even if Evans's notice of appeal were adequate to assert D–Beam's claims, we lack jurisdiction over those claims because D–Beam did not retain counsel prior to the filing of motions and pleadings on appeal.[2]

1. The district court repeatedly admonished Evans that he could not proceed on behalf of D–Beam without counsel. Evans's reliance on a number of cases for the proposition that *pro se* litigants' pleadings should be liberally construed is misplaced. D–Beam was never a proper pro se litigant. Accordingly, its *"pro se* pleadings" are not even valid, let alone due the benefit of liberal construction.

2. We retain jurisdiction over and review de novo the district court's denial of the motion to remand because it included Evans's usury claim. *See United Computer Sys., Inc. v. AT & T Corp.*, 298 F.3d 756, 760 (9th Cir.2002). D–Beam and Evans's main argument for remand was that they misnamed Pacer Skates in their complaint and that had they included the correct party, California Action Sports, diversity would have been destroyed. Evans and D–Beam's complaint, however, reflected complete diversity on its face. *See* 28 U.S.C. § 1332. Neither moved to amend that com-

## II Evans's Usury Claims

■ After a five day bench trial on the usury issue, the district court ruled in favor of Roller Derby based on the following conclusions of law: the notes were not absolutely repayable, and Evans had not yet paid any usurious interest. We review the district court's conclusions of law de novo, and we affirm. *Zivkovic v. S. Cal. Edison Co.,* 302 F.3d 1080, 1088 (9th Cir. 2002).

The first note designates that repayment be made from the royalty payments due D–Beam, and that any deficiency be carried forward to future royalty payments. The second note reads: "The $65,905.25 Principal is to be re-paid from the Borrower's 76% share of the Minimum Monthly Royalty payments due D–Beam Solid State Skate Patent License." It continues: "The re-payment shall be from Borrower's approximate 70% ownership of D–Beam Corporation or 76% ownership of D–Beam limited partnership." The plain language of the notes limits repayment to Evans's interests in royalty payments and the two D–Beam entities. These limitations serve as a hazard or contingency on the loan, because if there are no royalties, there will be no repayment. *See Thomassen v. Carr,* 250 Cal.App.2d 341, 347, 58 Cal.Rptr. 297 (Cal.Ct.App.1967) ("[T]he hazard must be something over and above the risk which exists with all loans....."). The district court properly found that the Note was not absolutely repayable. Accordingly, we affirm on that ground.

**DISMISSED in part, AFFIRMED in part.**

plaint to correct any previously misnamed defendants. Thus, removal was proper under

28 U.S.C. § 1441 and we affirm the district court's denial of Evans's motion to remand.