In the

# United States Court of Appeals

## For the Seventh Circuit

Nos. 07-3874, 07-3875

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

DERRIK HAGERMAN and WABASH ENVIRONMENTAL
TECHNOLOGIES, LLC,

*Defendants-Appellants.*

Appeals from the United States District Court
for the Southern District of Indiana, Indianapolis Division.
No. 1:06CR00139—**David F. Hamilton**, *Chief Judge.*

SUBMITTED NOVEMBER 13, 2008—DECIDED DECEMBER 5, 2008

Before POSNER, ROVNER, and EVANS, *Circuit Judges.*

POSNER, *Circuit Judge.* The defendants, Wabash Environ-
mental Technologies, LLC, and its president, Hagerman,
were convicted of making false statements in violation of
the Clean Water Act, and they appeal. We affirm the
judgments in an unpublished order issued today, and

limit this opinion to a threshold issue that happens to be the single point of novelty in the appeals.

In previous appeals by these parties in a related civil case, we ruled that a limited liability company (which Wabash is), like a corporation, cannot litigate in a federal court unless it is represented by a lawyer. *United States v. Hagerman*, 545 F.3d 579, 581-82 (7th Cir. 2008) ("the right to conduct business in a form that confers privileges, such as the limited personal liability of the owners for tort or contract claims against the business, carries with it obligations one of which is to hire a lawyer if you want to sue or defend on behalf of the entity. Pro se litigation is a burden on the judiciary, and the burden is not to be borne when the litigant has chosen to do business in entity form. He must take the burdens with the benefits" (citations omitted)). See generally *Jones v. Niagara Frontier Transportation Authority*, 722 F.2d 20 (2d Cir. 1983). In the present case Wabash was represented by a lawyer both in the district court and in this court. The lawyer filed both an opening brief and a reply brief on behalf of the company. But then Hagerman fired the lawyer, who moved us for leave to withdraw from the case, which we granted. The question is whether, even though Wabash's appeal has been fully briefed, we should dismiss it because Wabash is no longer represented and, not being a natural person, cannot litigate in federal court unless it is represented.

We cannot find a case that has addressed this issue. The nearest is *Dial-A-Mattress Franchise Corp. v. Page*, 880 F.2d 675 (2d Cir. 1989). The district court had entered a preliminary injunction against trademark infringement and

related business torts by the defendant, Page. A week before the appeal was argued, Page incorporated his business. While noting that corporations are not permitted to appear pro se and that ordinarily "this would preclude Page, who is not an attorney, from pursuing this appeal on behalf of" the corporation, the court of appeals ruled that because the injunction was "targeted at Page personally" and not his company, and "because Page has a right to appear on his own behalf to appeal an injunction that orders him personally to take specific action," the appeal could proceed without counsel. *Id*. at 677. He was, after all, the appellant, and the incorporation was irrelevant to the appeal.

The usual course when a litigant not entitled to litigate pro se loses its lawyer in the midst of the case is to give it a reasonable opportunity to find a new one, *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 171-73 (2d Cir. 2001); *Bristol Petroleum Corp. v. Harris*, 901 F.2d 165, 166-68 (D.C. Cir. 1990); *United States v. 9.19 Acres of Land*, 416 F.2d 1244 (6th Cir. 1969) (per curiam), and, if it fails, either to dismiss the case, *Scandia Down Corp. v. Euroquilt, Inc.*, 772 F.2d 1423, 1427 (7th Cir. 1985); *In re Bigelow*, 179 F.3d 1164 (9th Cir. 1999); *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1386 (11th Cir. 1985), or enter a default judgment. *Employee Painters' Trust v. Ethan Enters., Inc.*, 480 F.3d 993, 998 (9th Cir. 2007); *Grace v. Bank Leumi Trust Co.*, 443 F.3d 180, 192 (2d Cir. 2006). Hagerman fired Wabash's lawyer, who was also his lawyer, months ago, and by now it is clear that he has no intention of hiring a new one. Since Wabash (controlled by Hagerman) has therefore refused without excuse to find a new lawyer, we would be justified in dismissing its appeal.

Justified, but not compelled. One way to treat a willful act by an appellant that constitutes a ground for dismissal is to treat the act as if it were a motion for a voluntary dismissal of the appeal, which the court can grant upon terms fixed by it, Fed. R. App. P. 42(b)—but doesn't have to grant at all. *Wisconsin v. Ho-Chunk Nation*, 463 F.3d 655, 658 (7th Cir. 2006); *Albers v. Eli Lilly & Co.*, 354 F.3d 644, 646 (7th Cir. 2004) (per curiam); *Michael v. Horn*, 459 F.3d 411, 418 (3d Cir. 2006); *Shellman v. United States Lines, Inc.*, 528 F.2d 675, 677-78 (9th Cir. 1975). In this case, with the appeal fully briefed and the merits free from doubt, we would be mistaken to grant the (imputed) motion. For that would allow Wabash to argue in future regulatory proceedings that the merits of its defense had never been fully adjudicated. We have thought it best, therefore, to affirm the judgment of the district court in order to lay to rest any doubt about the company's guilt. But it bears emphasis that at any point in a federal litigation at which a party that is not entitled to proceed pro se finds itself without a lawyer though given a reasonable opportunity to obtain one, the court is empowered to bar the party from further participation in the litigation.

AFFIRMED.