**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

EDWIN RITTER JONAS, III, Esquire;
BLACKTAIL MOUNTAIN RANCH CO.,
LLC,

          Plaintiffs - Appellants,

  v.

RONALD F. WATERMAN, Esquire; et al.,

          Defendants - Appellees.

No. 13-36218

D.C. No. 9:13-cv-00016-DLC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, Chief Judge, Presiding

Submitted March 15, 2016[**]

Before:    GOODWIN, LEAVY, and CHRISTEN, Circuit Judges.

    Edwin Ritter Jonas, III, Esq., appeals pro se from the district court's

dismissal order and summary judgment in his 42 U.S.C. § 1983 action alleging that

a state court judge violated his constitutional rights, and that attorneys who

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

represented him in a prior state court case committed legal malpractice.   We have jurisdiction under 28 U.S.C. § 1291.   We review de novo.   *Szajer v. City of Los Angeles*, 632 F.3d 607, 610 (9th Cir. 2011) (summary judgment); *Meek v. County of Riverside*, 183 F.3d 962, 965 (9th Cir. 1999) (dismissal on the basis of judicial immunity).   We affirm.

The district court properly dismissed Jonas's claims against Judge McNeil because Judge McNeil is entitled to judicial immunity.   *See Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc) ("Judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities.").

The district court properly granted summary judgment for Waterman and his law firm because Jonas failed to raise a genuine dispute of material fact as to whether he might have obtained a different result but for these defendants' alleged negligence.   *See Richards v. Knuchel*, 115 P.3d 189, 192-93 (Mont. 2005) (setting forth elements of legal malpractice claim under Montana law).   To the extent that Jonas sought review of prior state court judgments, his claims are barred by the *Rooker–Feldman* doctrine.   *See Reusser v. Wachovia Bank*, N.A., 525 F.3d 855, 858-59 (9th Cir. 2008) ("The *Rooker–Feldman* doctrine is a well-established

2                                                                 13-36218

jurisdictional rule prohibiting federal courts from exercising appellate review over final state court judgments.").

We do not consider Jonas's contention that the district court should have applied judicial estoppel to prevent Waterman and his law firm from asserting res judicata because Jonas never raised judicial estoppel before the district court. *See Int'l Union of Bricklayers & Allied Craftsman Local Union No. 20, AFL-CIO v. Martin Jaska, Inc.*, 752 F.2d 1401, 1404 (9th Cir. 1985).

We reject as without merit Jonas's contention that the district court improperly denied his evidentiary objections and failed to recognize judicially noticeable documents.

Appellees' motion to dismiss Blacktail Mountain Ranch Co., LLC, filed on March 27, 2014, is granted. *See Bigelow v. Ronald Brady, A&A Realty Ltd. (In re Bigelow)*, 179 F.3d 1164, 1165 (9th Cir. 1999) (a business entity's notice of appeal signed by a non-lawyer corporate officer is valid only if a lawyer promptly enters a formal appearance "prior to the time any briefs, motions or responses [a]re due.").

All other outstanding motions and requests are denied.

**AFFIRMED**.