*v. United States,* 512 F.2d 1196, 1209 (2d Cir.1975).

**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Tynnetta MEDLEY, Defendant–**
**Appellant.**

**No. 00–6344.**

United States Court of Appeals,
Second Circuit.

July 3, 2001.

Francis E. Mullen, Mullen & Iannarone, P.C., Smithtown, NY, for appellee.

Tynnetta Medley, Brooklyn, NY, pro se.

Present JACOBS, PARKER, and SOTOMAYOR, Circuit Judges.

*SUMMARY ORDER*

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment be AFFIRMED.

Tynnetta Medley, pro se and fee-paid, appeals an order of the United States District Court for the Eastern District of New York (Korman, J.) denying her motion to vacate a default judgment entered against her for failure to pay a student loan.

■ The September 1999 Complaint requested a judgment in the amount of $2,631.09 plus $1,122.73 interest. Medley failed to answer. On November 24, 1999, the United States moved for a default judgment, which was entered on November 30, 1999. Medley moved to vacate the default judgment on December 1, 1999, conceding that she had been served with the Summons and Complaint but was too busy to answer because of work, school, family and other commitments. Medley offered no defense. By endorsed order dated October 10, 2000, the district court denied Medley's motion to vacate on the grounds that Medley did not deny the debt and raised no issue warranting vacatur. Medley now appeals from the denial of her motion to vacate the default judgment.

■ Medley has failed to raise a meritorious defense or any other type of reasonable excuse for failing to respond to the Summons and Complaint served against her. *See* Fed.R.Civ.P. 55(c) ("For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)."); *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 171 (2d Cir.2001) ("When deciding whether to relieve a party from default or default judgment, we consider the willfulness of the default, the existence of a meritorious defense, and the level of prejudice that the non-defaulting party may suffer should relief be granted."). Medley conceded that she took out the loan and failed to repay it, and that she received the plaintiff's Complaint but was too busy to respond. Medley's conclusory allegations of fraud on the part of the school she attended do not excuse her nonpayment on the student loan, which was a debt owed to the government, not to the school. *See First Nationwide Bank v. Gelt Funding Corp.*, 27 F.3d 763, 771–72 (2d Cir.1994) (relying on *Kadar Corp. v. Milbury*, 549 F.2d 230, 233 (1st Cir.1977)). We therefore affirm the district court's denial of Medley's motion to vacate the default judgment.

For the reasons set forth above, the judgment is hereby AFFIRMED.