Peter C. TOSTO, Thomas Telegades, Tellerstock, Inc., Investor Relations, Inc., and Consolidated Asset Management, Inc., Plaintiffs–Appellees,

v.

John ZELAYA, Defendant–Appellant,

Anthony Leavitt, Capital International Holdings, Inc., Capital International Securities Group, CIH, Inc., Capital Investment Holdings, SPC, Inc., David Gothard, and Advanced Lighting Solutions, Inc., Defendants.

No. 04–1351–CV.

United States Court of Appeals, Second Circuit.

Oct. 7, 2005.

Robert W. Cinque (Robert W. Cinque and James P. Cinque, of counsel), Cinque & Cinque, P.C., New York, NY, for Appellant.

Ronald C. Minkoff (Wendy Stryker, of counsel), Frankfurt, Kurnit, Klein & Selz, P.C., New York, NY, for Appellees.

PRESENT: WALKER, Chief Judge, FEINBERG, and STRAUB, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be and it hereby is **AFFIRMED**.

Defendant-appellant John Zelaya appeals from a February 25, 2004, judgment of the United States District Court for the Southern District of New York (P. Kevin Castel, *Judge*) granting default judgment in favor of Peter C. Tosto, Thomas Telegades, Tellerstock, Inc., Investor Relations, Inc., and Consolidated Asset Management, Inc. (collectively, "plaintiffs").

On appeal, Zelaya argues that the district court erred when it (1) issued its July 31, 2001, order of default in favor of plaintiffs; (2) refused to set aside the default in an October 5, 2001, order; and (3) adopted Magistrate Judge Kevin Nathaniel Fox's Report and Recommendation on July 28, 2003, setting damages.

We review an entry of default, and the denial of a motion to set aside that default, for an abuse of discretion. *Enron Oil Corp. v. Diakuhara,* 10 F.3d 90, 95 (2d Cir.1993). We assume familiarity with the facts and the procedural history.

This circuit has established three criteria that a court should consider in deter-

mining whether to grant relief from the entry or judgment of default for "good cause": (1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented. *Pecarsky v. Galaxiworld.com, Ltd.*, 249 F.3d 167, 171 (2d Cir.2001).

Our review of the record indicates that the district court did not commit error when it denied Zelaya's motion for relief from the order of default. The district court acted within its discretion when it determined that Zelaya's actions were willful—i.e., that they constituted more than mere negligence or carelessness. In any event, Zelaya has failed to establish a meritorious defense to plaintiffs' fraudulent-inducement claim.

Because Zeyala failed to file an objection to Magistrate Judge Fox's May 12, 2003, Report and Recommendation regarding damages, he has waived his right to appeal the district court's July 28, 2003, order adopting those recommendations. *SEC v. McNulty*, 137 F.3d 732, 737 (2d Cir.1998); *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 57–59 (2d Cir.1988).

We have considered Zelaya's other arguments and find them to be without merit.

Accordingly, and for the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**