**John NOLAN, Plaintiff–Appellant,**

v.

**PRIMAGENCY, INC., Steven Lebetkin, Conrad J. Isoldi, Rivertown Investments, LLC, Geoffrey S. Goldman, Jonathan S. Goldman, John and Jane Doe 1–25, Defendants–Appellees.**

No. 08–2261–cv.

United States Court of Appeals, Second Circuit.

Sept. 2, 2009.

Louis A. Piccone, Staten Island, NY, for Appellant.

Neil Russel Flaum, New York, NY, for Appellees.

PRESENT: RALPH K. WINTER, ROSEMARY S. POOLER and ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

John Nolan appeals from the April 16, 2008, 2008 WL 1758644, judgement of the district court, which dismissed his case with prejudice pursuant to Fed.R.Civ.P. 41(b). We assume the parties' familiarity with the facts, proceedings below, and specification of the issues on appeal. Nolan alleges in his complaint that he entered into a contract with defendant Primagency, Inc. in 2004 for providing leads in connection with its credit financing business. Nolan alleges that defendants breached this contract and engaged in mail fraud.

On March 3, 2008, citing repeated failures of the plaintiff's counsel, Mr. Piccone, to comply with court orders, the district court sanctioned and fined Mr. Piccone (as well as defendant's counsel, Mr. Flaum), and warned that further delays would result in dismissal pursuant to Fed.R.Civ.P. 41(b). After another month of delays, on April 16, 2008, the district court finally ordered dismissal.

Under Federal Rule of Civil Procedure 41(b), a district court may dismiss a case "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order. . . ." We review a district court's dismissal of a case under Rule 41(b) for abuse of discretion. *See Ruzsa v. Rubenstein & Sendy Atty's at Law,* 520 F.3d 176, 177 (2d

Cir.2008). We have also recognized that "dismissal is a harsh remedy and is appropriate only in extreme situations." *Lucas v. Miles,* 84 F.3d 532, 535 (2d Cir.1996).

When reviewing a district court's dismissal under 41(b) for failure to prosecute or failure to follow court orders, we focus on five factors. *United States ex rel. Drake v. Norden Sys., Inc.,* 375 F.3d 248, 254 (2d Cir.2004). We consider 1) whether the delay was of significant duration; 2) whether the plaintiff received adequate notice that additional delay would result in dismissal; 3) the risk of prejudice to the defendant by further delay; 4) the balance between the need to alleviate court congestion and the plaintiff's right to be heard; and 5) the trial court's consideration of lesser sanctions. *Id.; Lucas,* 84 F.3d 532, 535 (2d Cir.1996).

We find that these factors weigh in favor of dismissal. First, the delay caused by Mr. Piccone's failure to respond to court orders was longer than six months. *Drake,* 375 F.3d at 255. We have previously found six months delay to be adequate to warrant dismissal. *See Chira v. Lockheed Aircraft Corp.,* 634 F.2d 664, 666–68 (2d Cir.1980).

Second, the district court's March 3 order, which indicated the possibility of dismissal, served as adequate notice. *Drake,* 375 F.3d at 254. Mr. Piccone's submission that he was out of the country and wrongly incarcerated during some portion of the delays does not mitigate his burden to faithfully prosecute his client's case and maintain contact with the court. The fact that he may have had greater difficulty communicating with the court and following the progress of his case is no excuse for his repeated failures to comply with court orders.

The district court concluded that prejudice does not support dismissal in this case, because defendants also contributed to the delays. *Id.* The extensive efforts by the district court to encourage compliance with its orders indicate that the burden on its docket was substantial. Finally, perhaps most compellingly, the district court turned first to lesser sanctions before dismissal, when it held plaintiff's and defendants' counsel in civil contempt on March 3, 2008.

In the context of the possibility of lesser sanctions, it is important to consider the relative balance of responsibility between plaintiff and his attorney. *Dodson v. Runyon,* 86 F.3d 37, 40 (2d Cir.1996). From our review of the record, it is abundantly clear that Mr. Piccone bears a great deal of responsibility for the delays in this case. Mr. Piccone was certainly more at fault than his client. In *Dodson v. Runyon,* 86 F.3d at 40, we observed that "[i]n deciding on the suitability of lesser sanctions, and whether the sanctions should be aimed primarily against the party or the attorney, it can be important for the district court to assess the relative roles of the attorney and client in causing the delay, as well as whether a tactical benefit was sought by the delay."

There is no evidence of a tactical benefit to the client here, and there is nothing in the record to suggest that the client contributed to the delays, except by continuing to employ Mr. Piccone. On the other hand, the district court first attempted to sanction plaintiff's attorney before ordering dismissal, and waited over one month before doing so. *Cf. id.* at 41 (finding that the district court had failed to consider sanctioning plaintiff's attorney). During this time, plaintiff had ample opportunity to remove Mr. Piccone and obtain different counsel. Given that lesser sanctions were not only considered but imposed, the relative responsibility of plaintiff and his attorney also weighs in favor of dismissal.

Having considered the relevant factors, we conclude that the district court was

within its discretion to order dismissal pursuant to Fed.R.Civ.P. 41(b).

Finally, we turn to appellant's claim that the district court erred in denying plaintiff's motion for a default judgement against defendant Rivertown Financial, Inc. pursuant to Fed.R.Civ.P. 55. *See American Alliance Ins. Co. v. Eagle Ins. Co.,* 92 F.3d 57, 59 (2d Cir.1996). This Circuit has noted that it is "well established the default judgements are disfavored." *Pecarsky v. Galaxiworld.com, Ltd.,* 249 F.3d 167, 174 (2d Cir.2001). Having reviewed the record, we conclude that the district court's denial of the plaintiff's motion for a default judgement was well within its discretion.

For the foregoing reasons, the judgment and order of the district court are **AFFIRMED**.