10-1792-cv
*Currin v. Williams*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 12th day of May, two thousand eleven.

PRESENT: RICHARD C. WESLEY,
         GERARD E. LYNCH,
         DENNY CHIN,
                   *Circuit Judges.*

---

PETER CURRIN, DAVID CURRIN,

           *Plaintiffs-Appellants*,

    -v.-                                    10-1792-cv

PHARRELL WILLIAMS, NEPTUNES, STAR TRAK ENTERTAINMENT INCORPORATED, RCA RECORDS LABEL, A UNIT OF BMG MUSIC, DBA BMG ENTERTAINMENT, BAD BOY ENTERTAINMENT, BAD BOY RECORDS, FKA BAD BOY ENTERTAINMENT,

           *Defendants*,

ARISTA RECORDS INCORPORATED, SONY BMG MUSIC ENTERTAINMENT,

           *Defendants-Appellees.*

---

FOR APPELLANT:     PETER & DAVID CURRIN, *pro se*, Bloomfield, CT.

FOR APPELLEE:      TIMOTHY A. DIEMAND (Joseph M. Gillis, *on the brief*), Wiggin & Dana LLP, New Haven, CT.

Appeal from the United States District Court for the District of Connecticut (Chatigny, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Appellants Peter and David Currin ("Appellants") appeal from a judgment of the United States District Court for the District of Connecticut (Chatigny, *J.*), which granted summary judgment in favor of Appellees Arista Records and Sony BMG Music Entertainment ("Appellees"). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review a district court's ruling on a motion for default judgment for abuse of discretion, *see Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 171 (2d Cir. 2001), bearing in mind that we have expressed a "strong preference for resolving disputes on the merits," and that "a default judgment is the most severe sanction which the court may apply." *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005)

2

(internal quotation marks and citations omitted). Here, Appellants' argument that Appellees defaulted by failing to timely respond to the original, non-operative complaint is belied by the record. On the date on which a response was due, Appellees appeared and requested an extension of time to respond to the complaint. Because the court granted that request, Appellees averted default. *See* Fed. R. Civ. P. 6(b)(1). The court did not abuse its discretion in denying Appellants' motion for default judgment.

We review an order granting summary judgment *de novo* and ask whether the district court properly concluded that there were no genuine issues of material fact and that the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). In determining whether there are genuine issues of material fact, we are "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (internal quotation marks omitted). However, "conclusory statements or mere allegations [are] not sufficient to defeat a summary judgment motion." *Davis v. New York*, 316

3

F.3d 93, 100 (2d Cir. 2002) (internal citations omitted).

Having concluded a *de novo* review of the record, we affirm the district court's award of summary judgment to Appellees for substantially the same reasons stated by the district court in its decision and by the magistrate judge in her report and recommendation. The district court properly excluded the purported expert report offered by Appellants in opposition to summary judgment based on their failure to provide the purported expert's qualifications. *See* Fed. R. Evid. 702. We have considered Appellants' remaining contentions and find them without merit.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**. Additionally, Appellants' so-called motion for "default identification" is **DENIED**, as the motion contains no cognizable request for relief. *See* Fed. R. App. P. 27(a)(2)(A).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk