11-4609-cv
*Tese-Milner v. The Diamond Trading Co.*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 10th day of January, two thousand and thirteen,

PRESENT:

DEBRA ANN LIVINGSTON,
RAYMOND J. LOHIER, JR.,
                    *Circuit Judges*,
DONALD C. POGUE,
                    *Judge.*[*]

_____

W.B. DAVID & CO., INC.,

                    *Plaintiff*,

ANGELA TESE-MILNER, as Chapter 7 Trustee of the Estate of W.B. David Co., Inc.,

                    *Plaintiff-Appellant*,

        -v.-                                        No. 11-4609-cv

DE BEERS CENTENARY AG, DE BEERS CONSOLIDATED MINES LTD., DE BEERS SOCIETE ANONYME, DE BEERS LV LTD., DIAMDEL SA, DIAMDEL NV, GARY RALFE, GARETH PENNY, NICKY F. OPPENHEIMER, JONATHON OPPENHEIMER, ALAN

_____

[*]The Honorable Donald C. Pogue, Chief Judge of the United States Court of International Trade, sitting by designation.

1

CAMPBELL, DEREK PALMER, STEPHEN LUSSIER, J. WALTER THOMPSON U.S.A., INC., J. WALTER THOMPSON COMPANY, DIANE WARGA-ARIAS, D. NAVINCHANDRA & CO., E.M.A. DIAMOND MANUFACTURING LIMITED, R.T. DIAMOND PVT. LTD., RICHOLD SA, S. VINODKUMAR & CO., SHREE RAMKRISHNA EXPORT, SUNDIAMOND BVBA, VENUS JEWEL, DALUMI DIAMONDS LTD., AMC BVBA, A. SCHWARTZ & SONS DIAMONDS LTD., ARJAV DIAMONDS NV, ASIAN STAR CO. LTD., ASTRA DIAMOND MANUFACTURERS LTD., B. VIJAYKUMAR & CO., BHAVANI GEMS, BLUE STAR, C. MAHENDRA EXPORTS, CLASSIC DIAMONDS (INDIA) LTD., D.D. MANUFACTURING NV, DALI DIAMONDS COMPANY NV LTD., DE TOLEDO DIAMONDS LTD., DIAMANTHANDEL A.SPIRA BVBA, DIAROUGH NV., DILIPKUMAR V. LAKHI, DIGICO HOLDINGS LTD., DIMEXON DIAMONDS LTD., DYNAMIC DIAMOND CORP., E.F.D. LTD., EUROSTAR DIAMOND TRADERS NV, FABRIKANT & SALANT GROUP LTD., FESTIDIAM CUTTING WORKS PTY LTD., FRUCHTER GAD DIAMONDS LTD., GEMBEL EUROPEAN SALES NV, HASENFELD-STEIN, INC., INTER GEMS-CLAES NV, J.B. DIAMONDS, JULIUS KLEIN DIAMONDS LLC, K. GIRDHARLAL, KGK ENTERPRISES, K.P. SANGHVI & SONS, KARP IMPEX LTD., L.I.D. LTD., DILIP KUMAR V. LAKHI GROUP, LAXMI DIAMOND, LAZARE KAPLAN INTERNATIONAL INC., LILI DIAMONDS, LIVINGSTONES, LOUIS GLICK & CO., M. SURESH & CO., MAHENDRA BROTHERS, MICHAEL WERDIGER, INC., MOHIT DIAMONDS IMPEX PVT. LTD., MOTI GANZ, NAVIN GEMS, OVERSEAS DIAMONDS NV, KOTHARI & CO., PREMIER GEM CORP., PREMIER DIAMOND CUTTING LTD., RAND PRECISION CUT DIAMONDS (PTY) LTD., RATILAL BECHARLAL & SONS, ROSY BLUE INC., ROSY BLUE NV (INDIA) PVT. LTD., SANGHAVI EXPORTS, SCHACHTER & NAMDAR POLISHING WORKS LTD., SHEETAL MANUFACTURING CO, SHRENUJ & COMPANY, LTD., SMOLENSK STATE UNITARY CO., KRISTAL PRODUCTION CORP., STAR DIAMOND GROUP (SDG) BV, SUASHISH DIAMONDS LTD., SUPERGEMS HOLDINGS LTD., SURESH BROTHERS, TACHE COMPANY NV, TASAKI SHINJU CO. LTD., TRAU BROS. NV, PLUCZENIK DIAMOND CO. NV, VIJAYDIMON BVBA, YAHALOMEI ESPEKA INTERNATIONAL LTD., YERUSHALMI BROTHERS DIAMOND LTD., OTHER SIGHTHOLDERS, JOHN DOES 1 84, CENTRAL SELLING ORGANIZATION, CSO VALUATIONS A.G., DIAMOND DEVELOPMENT COMPANY N.V., DIAMOND DEVELOPMENT COMPANY S.A., DE BEERS S.A., DB INVESTMENTS, INC.,

DIAMDEL HOLDINGS (LIMITED) HONG KONG, DE BEERS INVESTMENTS S.A.,

*Defendants*,

DIAMOND TRADING COMPANY, LTD.

*Defendant-Appellee.*

John A. Wait and Yann Geron, Fox Rothschild LLP, New York, NY, *for Plaintiff-Appellant*.

Steven C. Sunshine, John R. Seward, and Paul M. Eckles, Skadden, Arps, Slate, Meagher & Flom LLP, New York, NY & Washington, D.C. *for Defendant-Appellee*.

Appeal from a judgment of the United States District Court for the Southern District of New York (Wood, *J.*).

**UPON DUE CONSIDERATION**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment entered September 30, 2011 is **AFFIRMED** in part and **VACATED** and **REMANDED** in part.

Plaintiff-Appellant Angela Tese-Milner ("Trustee"), acting as Chapter 7 Trustee of the Estate of Plaintiff W.B. David & Co., Inc., appeals the dismissal of her suit against various members and associates of the De Beers Group ("De Beers"), including Defendant-Appellee Diamond Trading Company, Ltd. The Trustee contests three orders of the District Court: (1) a March 27, 2007 order vacating an entry of default against the De Beers defendants; (2) a February 24, 2010 order dismissing the Trustee's amended complaint for failure to state a claim; and (3) a September 29, 2011 order dismissing the Trustee's second amended complaint for failure to state a claim. We assume the parties' familiarity with the underlying facts and procedural history of the case.

### 1. March 27, 2007 Order

The Trustee first contends that the District Court erred in vacating, under Federal Rule of Civil Procedure 55(c), an entry of default against the De Beers defendants. When determining whether there is "good cause" to vacate an entry of default under Rule 55(c), a district court must consider three factors: (1) the willfulness of the default; (2) the existence of a meritorious defense to the defaulted claims; and (3) the level of prejudice that the non-defaulting party might suffer should relief be granted. *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 171 (2d Cir. 2001). This determination is reviewed on appeal for abuse of discretion. *Powerserve Int'l, Inc. v. Lavi*, 239 F.3d 508, 514 (2d Cir. 2001).

The Trustee argues that the District Court abused its discretion by vacating the entry of default despite having found it "questionable" whether the De Beers defendants defaulted willfully. A finding of willfulness is typically enough to let an entry of default stand. *See, e.g.*, *Brien v. Kullman Indus., Inc.*, 71 F.3d 1073, 1078 (2d Cir. 1995). This does not mean, however, that once a district court determines that a defaulting party acted willfully it *must* let the entry of default stand. Here the District Court also concluded that De Beers had a meritorious defense and that W.B. David would not suffer prejudice as a result of vacating the entry of default. We find no error in these determinations. In light of all three factors, and also our general "preference for resolving disputes on the merits," *id.* at 1077, we cannot say that the District Court abused its discretion in vacating the entry of default.

### 2. February 24, 2010 and September 29, 2011 Orders

The District Court's February 24, 2010 and September 29, 2011 orders dismissed, respectively, the Trustee's first amended complaint and second amended complaint for failure to

4

state a claim. The District Court found that neither complaint related back to the Trustee's original complaint under Federal Rule of Civil Procedure 15(c)(1)(B), thus making many of the claims untimely. The District Court also provided alternative grounds for dismissing most of the claims in the two amended complaints, which the Trustee does not challenge on appeal.

Under Rule 15(c)(1)(B), an amendment to a pleading will relate back to that pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." As we have explained, the "central inquiry" under Rule 15 "is whether adequate notice of the matters raised in the amended pleading has been given to the opposing party within the statute of limitations by the general fact situation alleged in the original pleading." *Slayton v. Am. Express Co.*, 460 F.3d 215, 228 (2d Cir. 2006) (internal citation and quotation marks omitted). Thus, an amended pleading that lays out the allegations of a previous pleading in more definite and precise terms will relate back, but claims based on an "entirely distinct set" of factual allegations will not. *Id.* We review a district court's determination of whether an amended pleading relates back under Rule 15 *de novo*. *Id.*

We agree with the District Court that most of the allegations in the first and second amended complaints do not relate back to the original complaint. We conclude, however, that there is one claim that appears in all three complaints: that De Beers's "sight" system was, or was an attempt or conspiracy to create, an unlawful restraint of trade and/or unlawful monopoly. This claim appears in the second amended complaint at paragraphs 34, 48, and 63–67, in the amended complaint at paragraphs 26–27, 34, and 38, and in the original complaint at paragraphs 134–37, 153–64, and 241. De Beers had notice of this claim through all three pleadings, and the claim thus relates back to the

5

filing of the original complaint. The District Court, which did not provide any alternative reasons for why the claim failed as a matter of law, erred in dismissing it on statute of limitations grounds.

We have considered the Plaintiff-Appellant's remaining arguments and have determined that they are without merit. Accordingly, the judgment of the District Court is hereby **VACATED** and **REMANDED** in part for further proceedings as to the "sight" claims, and is **AFFIRMED** in part as to all other claims.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
