16-451-cv
*Wade v. Nassau Cnty.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of January, two thousand seventeen.

PRESENT:
> PETER W. HALL,
> CHRISTOPHER F. DRONEY,
> > *Circuit Judges,*
> VICTOR A. BOLDEN,*
> > *District Judge.*

_____

Raymond Wade,
> > *Plaintiff-Appellant,*
>
> v.                                  16-451

Nassau County, Police Officer Kenny Rodriguez, Police Officer Donald Coupe, Detective Lieutenant John Azzata, Lawrence W. Mulvey, Former Police Commissioner, John and Jane Does, 1-3,
> > *Defendants-Appellees.*

_____

| | |
|---|---|
| FOR APPELLANT: | Raymond Wade, East Meadow, NY. |
| FOR APPELLEE: | Carnell T. Foskey, Nassau County Attorney, Robert F. Van Der Wang, Deputy County Attorney Mineola, New York. |

---

* Judge Victor A. Bolden, of the United States District Court for the District of Connecticut, sitting by designation.

1

Appeal from a judgment of the United States District Court for the Eastern District of New York (Spatt, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Raymond Wade, proceeding *pro se*, appeals from the district court's dismissal of his 42 U.S.C. § 1983 complaint for failure to prosecute. Wade was represented by counsel during the district court proceedings. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Federal Rule of Civil Procedure 41(b) provides for involuntary dismissal "[i]f the plaintiff fails to prosecute or to comply with the[] rules or a court order . . . ." Fed. R. Civ. P. 41(b). We consider five factors when reviewing a Rule 41(b) dismissal, whether:

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay, (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009). No single factor is dispositive. *See United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004).

We review a district court's dismissal for failure to prosecute for abuse of discretion. *Lewis,* 564 F.3d at 575. While our review is deferential, we are mindful that a Rule 41(b) dismissal is a "harsh remedy that should be utilized only in extreme situations." *Id.* at 576 (internal quotation marks and citations omitted). When counseled, a plaintiff is ordinarily bound to the acts of his lawyer, including those that justify dismissal for failure to prosecute. *Dodson v. Runyon*, 86 F.3d 37,

2

40 (2d Cir. 1996). The more a delay is the result of the plaintiff's personal obstruction or is designed to benefit his strategic interests, the more appropriate is the remedy of dismissal. *Id.* But when the delay is the result of counsel's disregard for his obligations to his client, lesser sanctions imposed directly on the lawyer may be more suitable. *Id.* Nevertheless, the other factors may still override the hardship to the plaintiff and warrant dismissal. *Id.* at 41.

Upon review, we conclude that the district court did not abuse its discretion by dismissing Wade's complaint for failure to prosecute pursuant to Rule 41(b). The district court carefully considered the five required factors. As to the first two factors, Wade's delay of nearly two years was unreasonable, and the court had warned him that further delays would result in dismissal. The third factor weighed in favor of dismissal because the defendants, who had actively defended this case, would be prejudiced by further delay. The fourth factor militated toward dismissal because Wade's interest in having his case heard was diminished in light of his delay and thus was outweighed by the court's interest in managing its docket.

The fifth factor is more troubling because Wade's counsel, and not Wade himself, was responsible for the delays. However, the court properly explored lesser sanctions to be imposed directly on Wade's attorney, threatening to refer him to the grievance committee and to hold him in contempt. *Cf. id.* at 42 (remanding because district court failed to consider the possibility of alternative penalties before dismissing). The court also dismissed the complaint without prejudice, recognizing that Wade was not completely at fault for the delays. Given these circumstances, the court did not abuse its discretion by dismissing Wade's complaint. *See Mitchell v. Lyons Prof'l Servs., Inc.*, 708 F.3d 463, 469 (2d Cir. 2013) (holding that district court is not required to exhaust alternative sanctions but must consider them); s*ee also Nolan v. Primagency, Inc.*, 344 F. App'x 693, 694–95 (2d Cir. 2009) (unpublished summary order) (holding that, although there was no evidence

suggesting the plaintiff contributed to the delays, because plaintiff had ample opportunity to remove his attorney and obtain a different counsel—but did not—dismissal was appropriate).

We have considered all of Wade's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk