21-1037-cv
*City View Blinds of N.Y., Inc. v. Trustees of the N.Y.C., Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9ᵗʰ day of May, two thousand twenty-two.

PRESENT:   GUIDO CALABRESI,
           JOSÉ A. CABRANES,
           RICHARD J. SULLIVAN,
                       *Circuit Judges.*

_____

CITY VIEW BLINDS OF N.Y., INC.,

                   *Defendant-Appellant*,

ABALENE DECORATING, INC.,

                   *Defendant*,

            v.                                                      21-1037-cv

TRUSTEES OF THE NEW YORK CITY,
DISTRICT COUNCIL OF CARPENTERS
PENSION FUND, WELFARE FUND,
ANNUITY FUND, AND
APPRENTICESHIP, JOURNEYMAN
RETRAINING, EDUCATIONAL AND
INDUSTRY FUND, TRUSTEES OF THE
NEW YORK CITY, CARPENTERS RELIEF
AND CHARITY FUND, and THE
CARPENTER CONTRACTOR ALLIANCE
OF METROPOLITAN NEW YORK,

1

*Plaintiffs-Appellees.[*]*

---

**FOR DEFENDANT-APPELLANT:**           Adam C. Weiss, Glen Cove, New York, NY.

**FOR PLAINTIFFS-APPELLEES:**        Charles R. Virginia, III, Virginia & Ambinder, LLP, New York, NY.

Appeal from an April 13, 2021 order entered by the United States District Court for the Southern District of New York (P. Kevin Castel, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the April 13, 2021 order of the District Court be and hereby is **AFFIRMED**.

Defendant-Appellant City View Blinds of N.Y., Inc. ("City View") appeals from an order of the District Court denying City View's motion to vacate the default judgment the District Court had previously entered against it. On March 25, 2020, Plaintiffs-Appellees Trustees of the New York City, District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund; Trustees of the New York City, Carpenters Relief and Charity Fund; and The Carpenter Contractor Alliance of Metropolitan New York (together, the "Funds") brought claims against City View and Defendant Abalene Decorating Inc. ("Abalene," and together with City View, "Defendants") under Sections 502 and 515 of the Employee Retirement Security Act of 1974, 29 U.S.C. §§ 1132, 1145, and Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185, for unpaid employer contributions and other damages allegedly owed under the terms of a collective bargaining agreement to which Abalene was a party. The Funds further alleged that City View was an alter ego of Abalene. After both Defendants defaulted and the Clerk's Office of the District Court entered a Certificate of Default, on October 7, 2020, the District Court entered default judgment against both Defendants, "[d]eclaring" that City View was the alter ego of Abalene, ordering that both Defendants be jointly and severally liable to the Funds in the amount of $92,589.86, and ordering that the Funds be allowed to conduct an audit of City View's books. J. App'x 157.[1] On November 13 and 16, 2020, respectively, Abalene and City View appeared and sought to vacate the default judgment entered

---

[*]      The Clerk of Court is directed to amend the caption as set forth above.

[1]      The default judgment was signed on October 6, 2020, but not entered on the docket until the following day.

against them. After briefing, the District Court denied their motions to vacate the default judgment. *See Trustees of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Abalene Decorating Inc.*, No. 20-CV-2559 (PKC), 2021 WL 1393455 (S.D.N.Y. Apr. 13, 2021). City View now appeals.[2] We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## I.

Rule 55(c) of the Federal Rules of Civil Procedure provides that a court "may set aside a final default judgment under Rule 60(b)." Rule 60(b), in turn, states that a court "may relieve a party . . . from a final judgment" for several reasons including "mistake, inadvertence, surprise, or excusable neglect" or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (6). "In deciding a motion to vacate a default judgment, the district court is to be guided principally by three factors: (1) whether the default was willful, (2) whether the defendant demonstrates the existence of a meritorious defense, and (3) whether, and to what extent, vacating the default will cause the nondefaulting party prejudice." *SEC v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998).

"We review a District Court's denial of a motion to vacate a default judgment for abuse of discretion," and we "review for clear error any factual findings that underlie the court's resolution of [the] motion." *New York v. Green*, 420 F.3d 99, 104-05 (2d Cir. 2005). When reviewing the District Court's decision, we keep in mind our Circuit's "strong preference for resolving disputes on the merits" and the fact that "a default judgment is the most severe sanction which the court may apply." *Id.* at 104 (internal quotation marks omitted).

## II.

In evaluating the three factors specified in *McNulty*, the District Court concluded that City View was not entitled to vacatur of the default judgment previously entered against it. *Abalene Decorating*, 2021 WL 1393455, at *5-7. Upon review of the record, we find that the District Court acted well within its discretion in arriving at that conclusion.

### A. Willfulness

We find no abuse of discretion in the District Court's conclusion that City View's conduct — which it labeled as "gross negligence" — "weigh[ed] against vacating the default judgment."

---

[2]     While default judgment was entered against both Defendants, and though both moved to vacate the default judgment against them before the District Court, only City View now appeals the District Court's order.

3

*Abalene Decorating*, 2021 WL 1393455, at *5. In the default judgment context, willfulness "requires something more than mere negligence, such as egregious or deliberate conduct, although the degree of negligence in precipitating a default is a relevant factor to be considered." *Green*, 420 F.3d at 108 (internal quotation marks omitted). Importantly, "a finding of bad faith is not a necessary predicate to concluding that a defendant acted willfully." *Bricklayers & Allied Craftworkers Loc. 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 187 (2d Cir. 2015) (cleaned up).

Here, it took more than five months from the time of the filing of the Funds' action for City View to appear. Moreover, City View does not argue that it did not receive notice of the suit (through correspondence with the New York Department of State, upon whom service was effected) or that it did not receive the various Court orders and default judgment papers served on it by certified mail. *See* J. App'x 161 (City View's owner acknowledging that "it is certainly possible that we received some paperwork from the Secretary of State"). Instead, it attempts to excuse its delay by explaining that, because of the COVID-19 pandemic, "most employees [were] either temporarily laid off or working from home." *Id.* While we appreciate the disruption that COVID-19 has had on business operations, City View's conduct, in apparently failing to monitor its correspondence for whole months at a time, was "grossly negligent" and "weighs somewhat against granting relief." *Am. All. Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996); *see also McNulty*, 137 F.3d at 738 (stating that a "court may find a default to have been willful where the conduct of . . . the litigant was egregious and was not satisfactorily explained").

## B. Meritorious Defense

Next, we find no error in the District Court's conclusion that City View failed to "come forward with sufficient evidence to show the existence of a meritorious defense." *Abalene Decorating*, 2021 WL 1393455, at *7. "In order to make a sufficient showing of a meritorious defense the defendant need not establish his defense conclusively, but [it] must present evidence of facts that, if proven at trial, would constitute a complete defense." *Green*, 420 F.3d at 109 (cleaned up). Critically, a "defendant must present more than conclusory denials when attempting to show the existence of a meritorious defense." *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 173 (2d Cir. 2001).

City View argues that it has raised a meritorious defense insofar as it denies that it was the alter ego of Abalene. The alter ego doctrine — pursuant to which the Funds alleged City View was liable — "involves a flexible test that considers whether two enterprises have substantially identical management, business purposes, operations, equipment, customers, supervision, and ownership." *Div. 1181 A.T.U.-New York Emps. Pension Fund by Cordiello v. City of N.Y. Dep't of Educ.*, 910 F.3d 608, 618 (2d Cir. 2018) (cleaned up). In support of its argument, City View presented to the District Court the affidavit of Moshe Gold, who stated that he was the owner and president of City View, that he "categorically den[ied] all allegations that Abalene and City [V]iew [we]re alter egos," that

4

"City View has never shared common operations, intermingled funds, used the same equipment, vehicle or facilities, shared employees or officers, or customers with Abalene," and that "all dealings between City View and Abalene [we]re at arm's length." J. App'x 160-61 (internal quotation marks omitted).

Without more, we decline to disturb the District Court's conclusion that City View failed to raise a meritorious defense through Gold's affidavit. "Although in an answer[,] general denials normally are enough to raise a meritorious defense, the moving party on a motion to reopen a default must support its general denials with some underlying facts." *Sony Corp. v. Elm State Elecs., Inc.*, 800 F.2d 317, 320-21 (2d Cir. 1986). City View failed to do so here because Gold's affidavit — while denying that City View was the alter ego of Abalene — consists of "no more than sworn conclusory denials." *See id.* at 321. Moreover, through Gold's affidavit or otherwise, City View failed to address several of the Funds' specific allegations which support a finding that City View was the alter ego of Abalene, including that City View and Abalene "shared a place of business, located at 315 West 39th Street, New York"; that the two "formerly shared a common address at 63 Flushing Avenue, Brooklyn"; that the two "shared the same telephone number"; that Abalene identified itself as "Abalene Decorating c/o Cityview [*sic*] Blinds"; that auditors identified "financial transfers between City View and Abalene"; and that Gold "personally guaranteed a promissory note issued to Abalene." J. App'x 16-17; *see also Abalene Decorating*, 2021 WL 1393455, at *6 (the District Court explaining that it relied on many of these allegations in entering the default judgment against City View). In short, City View failed to "present evidence of facts that, if proven at trial, would constitute a complete defense." *Green*, 420 F.3d at 109 (internal quotation marks omitted).

## C. Prejudice

Finally, "[w]e need not evaluate whether the vacatur of the default judgment would subject [the Funds] to prejudice because we have concluded that [City View] failed to establish a meritorious defense; the absence of such a defense is sufficient to support the district court's denial of the . . . Rule 60(b) motion." *State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 174 (2d Cir. 2004).

## III.

We have considered all of City View's remaining arguments and find them to be without merit. For the foregoing reasons, therefore, we **AFFIRM** the April 13, 2021 order of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5